UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 19-22908-Civ-COOKE/GOODMAN

QUEENS HOSPITALITY CORP.,
*a Florida corporation,*

    Plaintiff,

vs.

BREAKFAST BITCH, LLC, *a
California limited liability company*

    Defendant.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND FOR COSTS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

**I. MOTION TO DISMISS STANDARD UNDER RULE 12(b)(6)**

    A Motion to Dismiss filed pursuant to Rule 12(b)(6) can be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Conley v. Gibson, 335 U.S. 41, 48 (1957) (emphasis added); see also Fed. R. Civ. P. 12(b)(6); Bell Atlantic Corp v. Twombly, 550 U.S. 540, 570 (2007), *see also* Fed. R. Civ. P. 12(b)(6). A motion under Rule 12(b)(6) merely tests the legal sufficiency of a complaint, requiring a court to construe the complaint liberally, assume all facts as true, and draw all reasonable inferences in favor of the plaintiff. Twombly, 550 U.S. at 556-57.

    Although Plaintiff, Queens Hospitality Corp. in fact, has standing to bring this cause of action, the Defendant, in its Motion to Dismiss raised an issue that the Plaintiff seeks to clarify and enforce through the filing of an amended complaint. While the Plaintiff is not the registered owner of the Trademarks, it has been granted a sole and exclusive power to enforce the Trademarks. All substantial rights are given under the licensing agreement and therefore refutes the Defendant's argument regarding standing, these documents have already been turned over in discovery. However, in order to more effectively state its claim, Plaintiff is seeking leave of court to amend its complaint to include additional parties and incorporate into the complaint a copy of the licensing agreement that gives Queens Hospitality Corp. standing to enforce its trademarks. *See* Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.p.A., 944 F.2d 870, 20 ([the Court] accorded standing, in certain limited circumstances,

1

where all substantial rights under the patent have been transferred in the form of an exclusive license, rendering the licensee the virtual assignee.)

**II. THE CLAIM SHOULD NOT BE DISMISSED UNDER 12(B)(6) FOR LACK OF PERSONAL JURISDICTION BECAUSE QUEENS HAS ALLEGED THE NECESSARY ELEMENTS TO HAIL BB LLC INTO A FLORIDA COURT.**

The Plaintiff at this juncture need only make prima facie showing that this court has personal jurisdiction over the Defendant. It is undisputed that the Florida long arm statute has been sufficiently proven due to the tortious act being committed in Florida and the trademark owner residing in Florida. However, the Defendant argues that there are insufficient contacts to be haled into court in Florida.

**A. IT IS PREMATURE TO ASSUME THAT BREAKFAST BITCH, LLC HAS INSUFFICIENT CONTACTS IN LIGHT OF THE FACT THAT IT HAS ONLY JUST BEGUN SELLING ITS PRODUCTS AND SERVICES IN COMMERCE; MOREOVER, DEFENDANT'S SOCIAL MEDIA AND WEBSITE PRESENCE REACH AND ADVERTISE TO CONSUMERS IN FLORIDA.**

In Croft v. Lewis No. 809-CV-1370-T-27AEP, 2010 WL 1707426, at *5 (M.D. Fla Apr. 1, 2010), over a three-year period the defendant sold $183.85 of the allegedly infringing product and $1,548.15 of other products into Florida. The Croft court held that defendant's website was more than merely available to Florida residents because defendant "knowingly and repeatedly engaged in business transactions with Florida resident through her website over the course of three years." The Defendant in this case has an interactive website which has the ability to ship its products to Florida.

In Louis Vuitton, S.A. v. Mosseri, 736 F.3d 1339 (11th Cir. 2013), the Court found that there was sufficient contact where the defendant had an interactive website and received and shipped orders to Florida.

At the moment, because discovery has just begun, Plaintiff has insufficient information to determine the exact amount sold through Defendant's online merchandise sales and whether that alone constitutes sufficient contacts. That said, it is indisputable that Defendant's website and social media accounts reach Florida consumers and that there has been actual consumer confusion in the State of Florida. Moreover, it is highly likely that in a span of three years at least $183.85 will be sold via Defendant's website to residents of Florida.

Additionally, it seems contrary to the goals of the judicial system to wait until the damages increase, when, as in the present instance, there is already well-documented consumer confusion. At this juncture the dollar amount of sales may not constitute minimum contacts however, there is evidence that Defendant and its principals visited Florida for the purposes of studying, sampling and misappropriating Plaintiff's business concept. Florida Courts should seek to protect appropriation of Florida businesses in other states. Defendant and Defendant's principals should not be able to avoid being brought into court where the tortious acts occurred, simply because they left the State to reproduce the concept that Plaintiff alleges is being infringed upon.

The Court in Louis Vuitton, the Court determines the following four factors should be considered when deciding if exercising jurisdiction over a Defendant comports with due process: (1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute (3) Plaintiff's interest in obtaining convenient and effective relief; and (4) the judicial system's interest in resolving the dispute.

In the present case, the burden on the Defendant is nominal, if any at all. The Defendant has already hired counsel in Florida and has been granted permission by the Court to have their California counsel appear pro hac vice. The majority of the pleadings in this case are filed electronically and therefore the burden, if any at all, is further reduced. Furthermore, the Defendants have shown no evidence that finances or any other limitation would preclude them from being unable to defend this action in Florida.

Second, this Court should have a heightened interest in adjudicating this dispute in light of the fact that Florida courts seek to protect both their consumers as well as their business owners. The case at hand harms both business owners and Florida consumers. Plaintiff who is domiciled and operates its headquarters owns several businesses in Florida and has an exclusive license to use and enforce the intellectual property which is the subject of this action. Florida law contemplates within its long arm statute that the Court has jurisdiction under the long arm statute where the trademark owner resides. *See* Panavision Intl', L.P. v. Toeppen, 141 F.3d 1316, 1322 n. 2 (9th Cir. 1998)). Given this specific mention that Florida Courts have made for intellectual property as sufficient injury to be haled into Court in Florida, it is reasonable to infer that the Florida Courts have an interest in protecting Plaintiffs from injury resulting from others appropriating their intellectual property.

Third, the Plaintiff has already retained local counsel, and does not have counsel in any other state for this matter. It is convenient and effective considering that the case has progressed past the initial pleadings with discovery being well underway, it is most efficient for all parties involved to continue the case in the present forum. Finally, this Court has an interest in resolving this dispute, given its duty to protect Florida consumers and Florida business owners.

**B. BB, LLC HAS WAIVED ALL ISSUES RELATED TO PERSONAL JURISDICTION BY ITS ACTIONS IN THE PRESENT CASE.**

"The requirement that a court have personal jurisdiction is a due process right that may be waived either explicitly or implicitly. 'The actions of the defendant may amount to a legal submission to the jurisdiction of the court, whether voluntary or not.'" Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 729 (2d Cir.1998) (*quoting* Bauxites, 456 U.S. at 703–05, 102 S.Ct. 2099)*; accord* McBee v. Delica Co., Ltd., 417 F.3d 107, 127 (1st Cir. 2005) ("Unlike subject matter jurisdiction under Article III, which goes to the fundamental institutional competence of the court and can be raised sua sponte at any time, personal jurisdiction is an individual liberty right and is therefore waivable ....") (citing Bauxites, 456 U.S. at 702–05, 102 S.Ct. 2099).

The Defendant has availed itself to the jurisdiction of this Court through several actions. First, it has filed responsive pleadings that argue more than issues of venue and jurisdiction. Second, it has participated in discovery, requesting both production of documents and interrogatories, it has engaged in various conversations regarding confidentiality of certain documents, production disputes and more.  Defendants have retained local counsel and requested that their California-based attorney appear *pro hac vice,* which was granted by this Court. In Defendant's motion to appear it did not specify that counsel's appearance would be for the sole purpose of arguing venue or jurisdiction, rather Defendant's counsel filed a general notice of appearance and thus, Defendant has consented to jurisdiction here.

Third, when this Court temporarily dismissed this action and the Plaintiff filed its Complaint, Plaintiff's counsel inquired as to whether Defendant's counsel needed an extension to prepare and file the case management report. Defendants' counsel was adamant

4

that the case should move forward and that the joint report should be filed on time. The joint report covers issues far beyond solely jurisdiction and venue.

Finally, both local and *pro hac vice* counsel have filed substantive motions and engaged in ongoing conversations regarding issues which are far more complex than venue and jurisdiction alone and have made no arguments regarding financial resources or additional burden due to the case being brought in a Florida court.

By continuing to fully participate in the case the Defendant has waived any personal jurisdiction argument. Moreover, the burden to travel to Florida is not sufficiently compelling to outweigh Plaintiff's interest in having a Florida courts adjudicate this dispute.

### III. VENUE IS PROPER PURSUANT TO 28 U.S.C. § 1391(b)(2).

Pursuant to 28 U.S.C. § 1391(b)(2), because the events giving rise to the claim occurred in Florida when Defendant came to Florida to take Plaintiff's intellectual property and because Defendant continues to sell merchandise and advertise to clients in all states, including Florida, venue in this Court is therefore, proper. The Defendant argues that venue is improper because it is a single restaurant with operations in San Diego, California. However, Defendant has an interactive website that sells merchandise online throughout the United States and appropriated the intellectual property of a Florida business.

### IV. DEFENSE IS NOT ENTITLED TO ANY RELIEF PURSUANT TO 41(d).

Fed. R. Civ. P. 41(d) states that "[i]f a plaintiff who previously dismissed an action in any court filed an action based on or including the same claim against the same defendant: the court may order the plaintiff to pay all or part of the cost of that previous action; and may stay the proceedings until plaintiff has complied." The Defendant is not entitled to costs pursuant to Rule 41(d) since this action was not dismissed by the Plaintiff, there has only been one continuous case. The Defendant also cannot meet its burden to show that it is entitled to costs, in addition to the above stated arguments that show why relief under Rule 41(d) is improper, the Court and Defendant have not endured any additional time, costs or expenses.

#### A. THIS ACTION WAS NOT DISMISSED BY PLAINTIFF

Plaintiff in this case did not dismiss its cause of action and later attempt to file a new action based on a similar claim. In this case the Court, not the Plaintiff dismissed the action, and only temporarily (DE 17). Plaintiff in this case withdrew its initial pleading and specifically requested a short window to file its complaint. At no point did it have any

intention to dismiss the action or close and start a new action in a different venue as is typically the case where Rule 41(d) applies. The Court granted the withdrawal and, because temporarily there were no pleadings in the case, the Court *sua sponte* dismissed the action without prejudice and in the same order allowed Plaintiff to file its complaint. Plaintiff did file the complaint within the allotted time frame per the order on September 6, 2019, where this Court *sua sponte* re-opened the case. This is not a new action, and the Plaintiff did not dismiss the action. There has been no change in forum, the same case number, the same Judge, ongoing discovery and compliance with the Court's orders from the inception of the case.

### B. THERE HAS ONLY BEEN ONE CONTINUOUS CASE

The Court, the presiding Judge, and the case number in this action have not changed. While the Court dismissed Plaintiff's initial Motion for Injunction, it granted Plaintiff leave to file what the Court referred to as an "Amended Complaint", therefore acknowledging that the Plaintiff's filing of its initial complaint was a continuation of the action, rather than the commencement of a new cause of action. When Plaintiff filed its initial complaint per the Court's Order, the case was subsequently re-opened and continued with no burden to the Court. The same Order of Referral and Order Regarding Court Practices and Procedures applied, all the same deadlines were met pursuant to the initial Order with no delay.

### C. DEFENSE CANNOT MEET ITS BURDEN TO SHOW IT IS ENTITLED TO COSTS.

A party moving for costs under Rule 41(d) must show: (1) the plaintiff dismissed a previous action; (2) the plaintiff then commenced a second action that is based upon or includes the same claim against the same defendant; and (3) the defendant incurred costs in the prior action that will not be useful in the newly-filed litigation. NF Imp. & Exp., Inc. v. VIA Mat Int'l AG, No. 11-23371-CIV, 2012 WL 13013078, at *2 (S.D. Fla. Aug. 3, 2012) (*citing* Groom v. Bank of America, 2012 WL 627564 at *5 (M.D. Fla. Feb. 23, 2010)).

First, as previously stated there was no dismissal by the Plaintiff. In this case the Court *sua sponte* temporarily dismissed this action without prejudice and then subsequently reopened the same action once the new pleading was filed.

Second a new action was not commenced, and finally the only document the Defense filed that is currently not being used in the action is the initial Motion to Dismiss the

injunction, however many of the same arguments in the initial Motion to Dismiss were presented in the current Motion to Dismiss that is pending.  Moreover, many of the arguments, research, and work performed at the commencement of the action is still applicable to nearly all of the issues in the case. Therefore, no substantive amount of time was spent by the Defendant that is not useful in this action. Finally, the Court contemplates costs when it refers to prejudice in regard to this Rule 41(d). Attorney's fees should not be considered costs for this rule. The defense incurred no costs during the time period of the withdrawal of the injunction and filing of the complaint. Furthermore, an award of attorneys' fees would not be necessary to deter vexatious and repetitive litigation which is the spirit of Rule 41(d). While some Southern District courts award attorney's fees as part of costs when necessary to deter vexatious and repetitive litigation and where the plaintiff has refiled the previously dismissed suit in bad faith. <u>Shaker Village Condo. Assoc., Inc., v. Certain Underwriters at Lloyd's</u>, 2009 WL 2835185 (S.D. Fla. 2009).  Because the Plaintiff has not refiled the previously dismissed suit and any withdrawals were not done in bad faith, therefore, an award here would not be proper. Here, no bad faith exists, nor is the litigation vexatious or repetitive.

## V. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court deny the Defendant's Motion to Dismiss.

Dated: October 4, 2019
      Miami-Dade, Florida

Respectfully submitted,

/s/ Brenda J. Schamy
Brenda J. Schamy
DiSchino & Schamy, PLLC
*Attorneys for Plaintiff*
Florida Bar No. 102829
4770 Biscayne Blvd. Suite 1280
Miami, Florida 33137
Telephone: (786) 581-2542
brenda@dsmiami.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 4, 2019, I electronically filed the foregoing with the Clerk of the Southern District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Ben T. Lila, Esq.
Mandour & Associates, APC
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: 858-487-9300
blila@mandourlaw.com

Matthew S. Nelles, Esq.
Nelles Kostencki PLLC
110 E. Broward Blvd., Suite 670
Fort Lauderdale, FL 33301
Telephone: 954-246-4800
mnelles@nklawflorida.com

Adriana Kostencki, Esq.
Nelles Kostencki PLLC
110 E. Broward Blvd., Suite 670
Fort Lauderdale, FL 33301
Telephone: 954-246-4800
akostencki@nklawflorida.com

Attorneys for Defendant

                                      By: /s/Brenda J. Schamy
                                      Brenda J. Schamy
                                      Florida Bar No. 102829
                                      DiSchino & Schamy, PLLC
                                      4770 Biscayne Blvd., Suite 1280
                                      Miami, Florida 33137
                                      Telephone: (786) 581- 2542
                                      brenda@dsmiami.com
                                      Attorneys for Plaintiff