UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-22908-Civ-COOKE/GOODMAN

QUEENS HOSPITALITY CORP.,
*a Florida limited liability company*,

    Plaintiff,

vs.

BREAKFAST BITCH, LLC, *a
California limited liability company*,

    Defendant.
_____/

### ORDER ON MOTION TO DISMISS

THIS MATTER comes before the Court on Defendant's Motion to Dismiss the Amended Complaint and Motion for Costs Pursuant to Rule 41(d) (ECF No. 25). On October 4, 2019, Plaintiff filed its Response to Defendant's Motion to Dismiss, ECF No. 26, to which Defendant replied on October 11, 2019. ECF No. 28. Therefore, the Motion is fully briefed and ripe for adjudication. Having reviewed the Motion, the Response and Reply, the record, and the relevant legal authorities, and for the reasons provided below, Defendant's Motion to Dismiss is **GRANTED** for lack of personal jurisdiction, and Defendant's Motion for Costs is **DENIED**.

### BACKGROUND

Since 2016, Plaintiff Queens Hospitality Corp. ("Plaintiff"), a Florida Limited Liability Company, has owned and operated Bacon Bitch, a restaurant in Miami Beach, FL. Queens Hospitality IP Holdings LLC, a Delaware Limited Liability Company, owns the federal Trademark registration and wordmark for "Bacon Bitch." ECF No. 18 at 14-15. Plaintiff alleges that "it has been granted a sole and exclusive power to enforce the Trademarks" pursuant to a licensing agreement[1] with Queens Hospitality IP Holdings LLC. ECF No. 26 at 1.

---

[1] Plaintiff provided a copy of the licensing agreement for the first time as an attachment to a motion for leave to amend the complaint. ECF No. 33-1 at 19.

Defendant, Breakfast Bitch, LCC ("BB LLC") was formed on May 22, 2019. ECF No. 25-2 at 1. BB LLC's headquarters and principal place of business is in San Diego, California. *Id.* BB LLC operates a restaurant, Breakfast Bitch, in San Diego, California, which opened on July 13, 2019. *Id.* Plaintiff alleges that the owner of BB LLC visited Bacon Bitch while on vacation in Florida, and "replicated Plaintiff's concept" for her own restaurant, Breakfast Bitch, in California. ECF No. 18 at 2. Plaintiff alleges that BB LLC "utilizes neatly identical and confusingly similar variations" of the Bacon Bitch trademark. ECF No.18 at 5. Plaintiff also alleges the two restaurants share similarities, such as decorative signs that read "Bitch Don't Kill My Vibe[2]," menus that label entrees as "Main Bitches" and side dishes as "Side Bitches," and servers that greet patrons with the phrase "Welcome, Bitches." ECF No. 18.

Based on these allegations, Plaintiff filed suit against BB LLC for trademark infringement, unfair competition, false designation of origin, and dilution "arising from [BB LLC's] unauthorized use of the Trademarks in connection with the marketing, advertising, promotion, and operation of [BB LLC's] restaurant, Breakfast Bitch, and related goods and services." ECF No. 18. BB LLC argues the Complaint should be dismissed because 1) Plaintiff has failed to state a claim, 2) the court lacks personal jurisdiction over BB LLC, and 3) the action was filed in the improper venue. *See* ECF No. 25. The Court must first address BB LLC's jurisdictional argument. *See Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

## DISCUSSION

The plaintiff bears the burden of establishing a *prima facie* case of personal jurisdiction over a non-resident defendant. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). The plaintiff may satisfy this burden by "present[ing] sufficient evidence to defeat a motion for a directed verdict." *Id.* The Court will "construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony." *Id.* Where the defendant submits an affidavit contradicting the plaintiff's

---

[2] Plaintiff does not allege that this sign infringes on any of its trademarks. The Court notes that "Bitch, Don't Kill My Vibe" is the title of a popular song by Kendrick Lamar that topped the Billboard charts in 2013, three years prior to the opening of Plaintiff's restaurant. *See* BILLBOARD, *Chart History: Kendrick Lamar*, https://www.billboard.com/music/kendrick-lamar/chart-history/RPT/song/762991 (last visited June 15, 2020).

allegations and providing more than a conclusory assertion that it is not subject to personal jurisdiction, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002). Where the parties present conflicting evidence, "the court must construe all reasonable inferences in favor of the … plaintiff." *Morris*, 843 F.2d at 492.

In determining whether the Court has personal jurisdiction over a non-resident defendant, the Court must assess whether the defendant's "activities satisfy the Florida long-arm statute and, if satisfied, whether the extension [of] jurisdiction comports with the due process requirements of the Fourteenth Amendment." *Sun Int'l Hotels, Ltd.*, 288 F.3d at 1269. The Court must dismiss an action against a defendant if it determines it does not have personal jurisdiction over that defendant. *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999).

I. **Plaintiff Has Not Shown the Court Has Specific Jurisdiction Pursuant to Section 48.193(1)(a) of Florida's Long–Arm Statute.**

Plaintiff argues BB LLC is subject to personal jurisdiction under the specific jurisdiction provision of Florida's long-arm statute because it committed a tortious act within the state. *See* ECF No. 18 at 1-2. The specific jurisdiction provision of the statute provides, in relevant part:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
> …
> 2. Committing a tortious act within this state.

*See* Fla. Stat. § 48.193(1)(a)(2) (2019). If a non-resident defendant commits a tortious act outside of Florida that causes injury in Florida, the defendant has committed a tortious act within the state for purposes of the long-arm statute. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1353 (11th Cir. 2013).

Here, Plaintiff has failed to establish a *prima facie* case of personal jurisdiction over BB LLC because it has not shown that BB LLC committed a tortious act, *i.e.*, trademark infringement. The Bacon Bitch trademark comprises of the words "BACON BITCH" and a black-and-white illustration of a piece of bacon. ECF No. 18 at 14. The Breakfast Bitch logo

is a full-color picture of a woman holding a plate of pancakes and a cup of coffee surrounded by a circle outlined with the words "Breakfast Bitch." ECF No. 25-2 at 6. The two markers share no similarity other than the word "bitch," and as BB LLC shows in an attachment to its Motion to Dismiss, there are 100 trademark registrations containing the word "bitch." ECF No. 25-2 at 8. BB LLC has provided a sworn declaration from its owner, Tracii Hustona, which states: "I do not use an image of a piece of bacon or any other similar design element shown in U.S. Trademark Reg. No. 5,666,197 as part of any of my design trademarks." ECF No. 25-2. None of Plaintiff's allegations regarding similarities between the two restaurants amount to trademark infringement, and Plaintiff failed to provide any evidence in opposition to BB LLC's motion to dismiss. *See Meier*, 288 F.3d at 1269.

Even if Plaintiff established BB LLC committed trademark infringement, it fails to allege the infringement occurred within the state of Florida or caused injury in Florida. BB LLC's sole restaurant is in California, and Plaintiff does not allege that BB LLC has committed any acts in Florida other than visiting Bacon Bitch while on vacation. And while Plaintiff alleges that BB LLC "has an interactive website which has the ability to ship its products to Florida," ECF No. 26 at 2, it fails to allege that BB LLC has ever made a sale of an infringing product to a customer in Florida.

Rather, Plaintiff argues the requirements of § 48.193(1)(a) are satisfied because BB LLC is infringing on the trademarks of a Florida corporation, and the injury from such trademark infringement "occurs in the state where the trademark owner resides."[3] ECF No. 18 at 2, ¶ 6. In support of this proposition, Plaintiff cites to a single case, *Panavision Int'l, L.P. v. Toeppen*, in which the Ninth Circuit held that a defendant who "engaged in a scheme to register Panavision's trademarks as his domain names for the purpose of extorting money from Panavision" was subject to personal jurisdiction in California because his trademark infringement caused injury "where Panavision has its principal place of business." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998)[4].

---

[3] The Court notes that Queens Hospitality IP Holdings LLC, who owns the Bacon Bitch Trademark and licensed the mark to Plaintiff, is incorporated in Delaware, not Florida.

[4] In *Panavision*, the Ninth Circuit analyzed personal jurisdiction under California's long-arm statute, which "permits a court to exercise personal jurisdiction over a defendant to the

Neither the Florida Supreme Court nor the Eleventh Circuit have held that trademark infringement causes injury in the state where the trademark owner resides. In *Licciardello v. Lovelady*, the Eleventh Circuit stated that it "need not decide whether trademark injury necessarily occurs where the owner of the mark resides…because in [that] case the alleged infringement clearly also occurred in Florida by virtue of the [infringing] website's accessibility in Florida." *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008). Following its holding in *Lovelady*, the Eleventh Circuit in *Louis Vuitton Malletier, S.A. v. Mosseri*, held that the defendant committed a tortious act in Florida where the "trademark infringing goods were not only accessible on the website [in Florida], but were sold to Florida customers through that website. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1354 (11th Cir. 2013); *see also Internet Sols. Corp. v. Marshall*, 39 So. 3d 1201, 1203 (Fla. 2010) (holding that defamatory material posted on the website about a Florida resident "must not only be *accessible* in Florida, but also be *accessed* in Florida in order to constitute the commission of the tortious act of defamation within Florida under section 48.193(1)(b)") (emphasis in original).

Here, Plaintiff has failed to allege BB LLC's website contains any infringing products for sale or that the website itself infringes on Plaintiff's trademarks. It also fails to allege the website has been accessed in Florida. Accordingly, Plaintiff has not "present[ed] sufficient evidence to defeat a motion for a directed verdict" that BB LLC is subject to personal jurisdiction under Florida's long-arm statute. *See Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988).

Plaintiff argues that BB LLC waived its personal jurisdiction argument by "argu[ing] more than issues of venue and jurisdiction" in its Motion to Dismiss. *See* ECF No. 26 at 4. This argument fails as a matter of law. The Federal Rules of Civil Procedure make clear that "no defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion." Fed. R. Civ. P. 12(b).

As Plaintiff has not established that the Court has specific personal jurisdiction over BB LLC under Florida's long arm statue, the Court need not address whether the extension of jurisdiction would comport with the due process requirements of the Fourteenth

---

extent permitted by the Due Process Clause of the Constitution." *Panavision*, 141 F.3d at 1320.

Amendment.[5] *See Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) ("Only if both prongs of the analysis are satisfied may a … court exercise personal jurisdiction over a nonresident defendant.").

## II.   BB LLC is Not Entitled to Costs Under Federal Rule of Civil Procedure 41(d)

BB LLC also moves the Court for costs under Federal Rule of Civil Procedure 41(d), which provides "if a Plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the Court may order the plaintiff to pay all or part of the costs of that previous action." Fed. R. Civ. P. 41(d). BB LLC is not entitled to costs under Rule 41(d) because Plaintiff has not previously dismissed an action based on or including the same claims brought in this action. While the Court previously found Plaintiff had voluntarily dismissed these claims, it did so in error.

On July 12, 2019, Plaintiff filed a Motion for Preliminary Injunction before filing a complaint. ECF No. 1. On August 14, 2019, BB LLC filed a Motion to Dismiss arguing, *inter alia*, the action should be dismissed for failure to file a complaint and lack of personal jurisdiction. ECF No. 12. On August 28, 2020, Plaintiff filed a Notice of Withdrawal of Plaintiff's Motion for Preliminary Injunction and Request to Keep Case Open Pending Plaintiff Filing Complaint, acknowledging that the filing of the Preliminary Injunction was premature. ECF No. 16. On August 29, 2020, the Court treated the Notice of Withdrawal as a request to voluntarily dismiss the action and entered an Order dismissing the action without prejudice under Federal Rule of Civil Procedure 41(a)(2). ECF No. 17. The Court permitted Plaintiff to file an "amended complaint" on or before September 6, 2019. *Id.*

The Court erred in treating Plaintiff's Notice of Withdrawal as a notice of voluntary dismissal.  The Plaintiff could not voluntarily dismiss an action that had never commenced. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). As the Motion for Preliminary Injunction was improperly filed before the filing of a complaint, the Court should have allowed Plaintiff to withdraw the motion and file a complaint. As Plaintiff has not previously dismissed an action based on or including the

---

[5] Plaintiff has filed a motion to amend the complaint. *See* ECF No. 33.  However, the proposed amendment does not address the issue of personal jurisdiction and does not cure the defects described above. Accordingly, the amendment would be futile, and the Court will not allow an opportunity for Plaintiff to amend the complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

same claims against BB LLC, BB LLC is not entitled to costs under Rule 41(d).

## CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** that:

- Plaintiff's Motion for Leave to Amend (ECF No. 33) is **DENIED.**
- Defendant's Motion to Dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) (ECF No. 25) is **GRANTED**. The Complaint (ECF No. 18) is **DISMISSED** *without prejudice*.
- Defendant's Motion for Costs under Federal Rule of Civil Procedure 41(d) (ECF No. 25) is **DENIED**.
- The Court **DENIES** *as moot* all pending motions, if any.
- The Clerk shall **CLOSE** this case.

**DONE and ORDERED** in chambers, at Miami, Florida, this 23rd day of June 2020.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of Record*